Thy B. Bui (SBN 256383)
tbui@constangy.com
Aaron M. Rutschman (SBN 288273)
arutschman@constangy.com
Kritika Thukral (SBN 330861)
kthukral@constangy.com
**CONSTANGY, BROOKS, SMITH & PROPHETE, LLP**
2029 Century Park East, Suite 1100
Los Angeles, CA 90067
Telephone: 310.909.7775
Facsimile: 424.465.6630

Attorneys for Defendant
THE ELEVANCE HEALTH COMPANIES, INC. f/k/a THE ANTHEM COMPANIES, INC.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| PATRICIA LACY, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>THE ANTHEM COMPANIES, INC., an Indiana corporation; and DOES 1-99, inclusive,<br><br>Defendants. | Case No. 2:22-cv-07841<br><br>[*Removed from Ventura County Superior Court*, Case No. 56-2022-00569365-CU-OE-VTA]<br><br>**DEFENDANT THE ELEVANCE HEALTH COMPANIES, INC.'S NOTICE OF REMOVAL**<br><br>Action Filed:   August 19, 2022<br>Removal Date:  October 27, 2022<br>Trial Date:       None Set |

**TO THE CLERK OF THE ABOVE-ENTITLED COURT, AND TO PLAINTIFF PATRICIA LACY AND HER COUNSEL OF RECORD:**

PLEASE TAKE NOTICE that Defendant The Elevance Health Companies, Inc. (f/k/a The Anthem Companies, Inc.) (hereinafter "Elevance Health"), hereby removes this action from the Superior Court of California, County of Ventura, to the United States District Court for the Central District of California – Western Division. This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332 because complete diversity of citizenship exists and the amount in controversy exceeds $75,000, exclusive of interest and costs. Accordingly, this action is removable under 28 U.S.C. §§ 1441 and 1446. The following is a short and plain statement of the grounds for removal pursuant to 28 U.S.C. § 1446(a).

## PROCEDURAL BACKGROUND

1. This case arises from Plaintiff Patricia Lacy's former employment with Elevance Health. On August 19, 2022, Plaintiff filed this action in the Superior Court of the State of California, County of Ventura, Case Number 56-2022-00569365-CU-OE-VTA (the "State Court Action"). In her Complaint, Plaintiff asserts claims for: (1) whistleblower retaliation in violation of the Cal. Lab. Code § 1102.5; (2) disability discrimination in violation of the Fair Employment and Housing Act ("FEHA"); (3) failure to accommodate disability in violation of FEHA; (4) failure to engage in the interactive process in violation of FEHA; (5) retaliation in violation of FEHA; (6) failure to prevent discrimination and retaliation; (7) unlawful conduct in violation of the California Family Rights Act; (8); wrongful termination in violation of public policy; and (9) waiting time penalties in violation of Cal. Lab. Code §203.

## TIMELINESS OF REMOVAL

2. On September 30, 2022, Plaintiff served CT Corporation, the agent for service of process for Elevance Health, with the following documents: (1) Summons; (2) Civil Case Cover Sheet; (3) Notice of Posting Jury Fees;

(4) Statement of Damages; (5) Notice of Case Assignment and Mandatory Appearance; and (6) Complaint with a copy of her charge of discrimination filed with the Department of Fair Employment and Housing attached as "Exhibit 1" thereto. True and correct copies of these documents are attached as **Exhibits 1 through 6**.

3. On August 31, 2022, the court entered a Notice of Case Management Conference and Order to Show Cause for Failure to File Proof of Service. A true and correct copy of the Notice is attached hereto as **Exhibit 7**.

4. No other process, pleadings, or papers have been filed in said action and no further proceedings have been had.

5. Defendants "DOES 1-99, inclusive" have not been identified, nor is there any record that they were served with the Summons or the Complaint in the State Court Action.

6. This removal is timely filed as required by 28 U.S.C § 1446(b) having been accomplished within 30 days of the date of service of the State Court Action on Elevance Health, which was September 30, 2022, and within one year of the date the State Court Action was filed on August 19, 2022. See 28 U.S.C. § 1446(b)(2)(B).

## DIVERSITY JURISDICTION

7. **Basis of Original Jurisdiction.** Elevance Health is entitled to remove the State Court Action on the ground that this Court has original jurisdiction in this action pursuant to 28 U.S.C. § 1332 and it is an action which may be removed to this Court by Elevance Health pursuant to the provisions of 28 U.S.C. § 1441(b) because: (1) this action is a civil action between citizens of different states, as Plaintiff is a citizen of California and Elevance Health is a citizen of Indiana; and (2) this action involves an amount in controversy that exceeds the sum of $75,000, exclusive of interest and costs as described below.

///

8. **Plaintiff's Citizenship.** For diversity purposes, an individual's citizenship is determined by the individual's domicile. *Kantor v. Wellesley Galleries, Ltd.*, 704 F. 2d 1088, 1090 (9th Cir. 1983). A person's domicile is their permanent home, where they reside with the intent to remain or to which they intend to return. *See Lew v. Moss*, 797 F. 2d 747, 749 (9th Cir. 1986). Elevance Health employed Plaintiff from June 2, 2014 until it terminated her employment on March 8, 2021. (Declaration of Anthony Pasi ("Pasi Decl.") ¶ 5.) On August 18, 2022, Plaintiff filed a complaint of employment discrimination with the California Department of Fair Employment and Housing, DFEH No. 202208-17967318, in which she declares under penalty of perjury that she "resides in the City of Pasadena, State of CA." (Ex. 6 at p. 46.) In addition, Plaintiff has been domiciled in California for the entirety of her employment with Elevance Health, as evidenced by her wage statements. (Pasi Decl. ¶ 3, **Exhibit 8**.) Plaintiff's application for employment with Elevance Health also stated the same Thousand Oaks, California address as her residential address. (Pasi Decl. ¶ 5, **Exhibit 11**.) Therefore, for her entire employment with Elevance Health and at the time of filing this action, Plaintiff has been domiciled in California and is therefore a citizen of California.

9. **Defendants' Citizenship.** The citizenship of a corporation is both the state of its incorporation and the state of its principal place of business. 28 U.S.C. § 1332(c)(1). When determining a corporation's principal place of business for purposes of diversity jurisdiction, courts refer to the place where a corporation's officers direct, control, and coordinate the corporation's activities. *Hertz Corp. v. Friend*, 559 U.S. 77, 92–93 (2010). The principal place of business is where the corporation "maintains its headquarters—provided that the headquarters is the actual center of direction, control and coordination." *Id.*

    a. <u>Citizenship of Defendant Elevance Health</u>. Elevance Health is incorporated in Indiana, and its principal place of business is in Indianapolis, Indiana as it performs most of its executive and administrative functions at its

1  corporate headquarters in that location. A true and correct copy of Elevance Health's Statement of Information filed with the California Secretary of State on December 23, 2021 under its former name The Anthem Companies, Inc. obtained from the California Secretary of State's website at https://bizfileonline.sos.ca.gov, is attached hereto as **Exhibit 9**. Elevance Health's Statement of Information identifies it as an Indiana corporation with the location of its principal executive offices in Indianapolis, Indiana. On August 29, 2022, Elevance Health filed a Certificate of Amendment amending its corporate name from The Anthem Companies, Inc. to The Elevance Health Companies, Inc. The Certificate of Amendment also identifies Indiana as its place of incorporation. A true and correct copy of Elevance Health's Certificate of Amendment filed with the California Secretary of State on August 29, 2022, obtained from the California Secretary of State's website at https://bizfileonline.sos.ca.gov, is attached hereto as **Exhibit 10**.

    b.   <u>Citizenship of Unnamed "Doe" Defendants</u>. The defendants Plaintiff designates as Does 1 through 99 in the Complaint are fictitious defendants and are not parties to this action. Unnamed defendants, such as Doe defendants, are not required to join in a removal petition. The Court may therefore disregard their citizenship for purposes of determining diversity jurisdiction. 28 U.S.C. § 1441(a); *Fristos v. Reynolds Metal Co.*, 615 F.2d 1209, 1213 (9th Cir. 1980).

    10.  **Amount in Controversy.** Elevance Health alleges that based on Plaintiff's Complaint and Statement of Damages, it is facially apparent that the amount in controversy in this action exceeds the jurisdictional sum or value of $75,000. (*See* **Exhibits 4 and 6**). "The calculation of the amount in controversy takes into account claims for 'general' damages,' 'special' damages, punitive damages if recoverable as a matter of law." *Rippee v. Boston Mkt. Corp.*, 408 F. Supp. 2d 982, 984 (S.D. Cal. 2005); *see e.g.*, *Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005) (factual allegations in the Complaint, along with the types of damages plaintiff sought made it facially apparent that the amount in controversy

exceeded the $75,000 jurisdictional amount).

      a.    <u>Statement of Damages</u>. In Plaintiff's Statement of Damages (**Exhibit 4**), she states a specific dollar amount of damages that she seeks to recover from Elevance Health in the form of general damages, special damages, and punitive damages. Specifically, Plaintiff asserts that she is seeking:

      GENERAL DAMAGES: $10,000,000.00
      SPECIAL DAMAGES: $6,350,000.00
      PUNITIVE DAMAGES: $50,000,000.00

Based on Plaintiff's Statement of Damages, she is seeking damages that total at least **$66,350,000.00**. Elevance Health denies that Plaintiff is entitled to any recovery in this action, and by filing this Notice of Removal, Elevance Health does not waive any defenses that may otherwise be available to it. Without waiving this position, and in light of Plaintiff's Statement of Damages, the amount in dispute in this matter exceeds $75,000 exclusive of interest and costs.

      b.    <u>Compensatory Damages</u>.  Elevance Health employed Plaintiff for approximately seven (7) years, from June 2, 2014 to March 8, 2021.  (*See* Pasi Decl., ¶ 5).  Plaintiff seeks compensatory damages in both her Statement of Damages and her Complaint. (*See* **Exhibits. 4 and 6**). At the time Elevance Health terminated her employment, Plaintiff was paid an annual salary of $88,545.34 (bi-weekly salary $3,405.59 times 26 weeks).  (*See* Pasi Decl., ¶4; **Exhibit 8**).  Given that Plaintiff's employment was terminated in March 2021, her claim for lost wages alone nineteen (19) months later, at the time of this removal may be approximately $129,412.42. This far exceeds the $75,000 jurisdictional amount.

      c.    <u>General Damages</u>. Plaintiff alleges that she suffered general damages, including "pain, suffering, and inconvenience" and "emotional distress" due to Elevance Health's conduct. (*See* **Exhibit 4**). Emotional distress damages may be considered when calculating the amount in controversy even when not clearly pled in the Complaint. *See Kroske,* 432 F.3d at 980 (affirming removal of bank

employee lawsuit, even though employee earned less than $75,000 per year, because emotional distress damages in a FEHA claim could reasonably be assumed to add enough to her lost wages to exceed the jurisdictional amount); *Simmons v. PCR Tech.,* 209 F. Supp. 2d 1029, 1034 (N.D. Cal. 2002) (noting that while a retaliation case brought by a former employee would likely not result in an award of $3.5 million dollars in emotional distress damages, the court noted that "emotional distress damages in a successful employment discrimination case may be substantial"); *Richmond v. Allstate Ins. Co.,* 897 F. Supp. 447, 450 (S.D. Cal. 1995) ("[t]he vagueness of plaintiffs' pleadings with regard to emotional distress damages should not preclude this Court from noting that these damages are potentially substantial"). In her Statement of Damages, Plaintiff has claimed **$10,000,000.00** just for pain, suffering, and inconvenience and emotional distress. (*See* **Exhibit 4**). Accordingly, the amount in controversy in this action exceeds the jurisdictional sum or value of $75,000.

        d.   <u>Attorney Fees</u>.  Additionally, Plaintiff seeks attorneys' fees in the Prayer to her Complaint. (*See* **Exhibit 6**). "Where an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees may be included in the amount in controversy." *Galt G/S v. JSS Scandinavia,* 142 F.3d 1150, 1156 (9th Cir. 1998).  "When assessing the amount in controversy, the court considers the amount of attorneys' fees to be accrued throughout the entirety of the litigation." *Cain v. Hartford Life & Acc. Ins. Co.*, 890 F. Supp. 2d 1246, 1250 (C.D. Cal. 2012) (citing *Simmons v. PCR Technology,* 209 F.Supp.2d 1029, 1034 (N.D.Cal.2002)).  *See also*, *Sasso v. Noble Utah Long Beach, LLC*, 2015 WL 898468, at *5 (C.D. Cal. Mar. 3, 2015); *Garcia v. ACE Cash Express, Inc.,* 2014 WL 2468344, at *5 (C.D. Cal. May 30, 2014).  "The Court can use its discretion to determine, within its own experience, that an award of attorneys' fees alone will satisfy the amount in controversy requirement.  'Even a minimal award of attorney's fees would cause the amount in controversy to exceed the jurisdictional

1  minimum.'" *Cain*, 890 F. Supp. 2d at 1250 (quoting *Haase v. Aerodynamics*
2  *Inc.*, 2009 WL 3368519, at *5 (E.D.Cal.2009)).  Courts routinely award attorneys'
3  fees well over $75,000 in cases such as this one.

4          e.    <u>Punitive Damages</u>.  Plaintiff also seeks punitive damages in her
5  Statement of Damages and the Prayer to her Complaint. (*See* **Exhibits 4 and 6**).  A
6  determination of the amount in controversy may include punitive damages when
7  they are recoverable as a matter of law.  *Gibson v. Chrysler Corp.,* 261 F.3d 927,
8  945 (9th Cir.2001); *Miller v. Michigan Millers Ins. Co.,* 1997 WL 136242, *4 (N.D.
9  Cal. 1997); *Richmond v. Allstate Ins. Co.,* 897 F.Supp. 447, 450 (S.D. Cal. 1995).
10 Plaintiff's action is brought pursuant to the FEHA.  Punitive damages are available
11 under the FEHA.  Cal. Gov't Code § 12940.  Punitive damages are included in
12 calculating the amount in controversy.  *See Davenport v. Mutual Ben. Health &*
13 *Acc. Ass'n,* 325 F. 2d 785, 787 (9th Cir. 1963); *State Farm Mut. Auto. Ins. Co. v.*
14 *Campbell,* 538 U.S. 408 (2003); *Simmons v. PCR Technology,* 209 F. Supp. 2d
15 1029, 1033-34 (N.D. Cal. 2002).  In her Statement of Damages, Plaintiff seeks
16 $50,000,000.00 in punitive damages. Although Elevance Health denies Plaintiff's
17 allegations, if Plaintiff were to prevail on her claims, the punitive damages alone
18 could exceed the jurisdictional minimum.

## CONCLUSION

20     11.   Complete diversity of citizenship exists inasmuch as Plaintiff is a citizen
21 of California and Elevance Health is a citizen of Indiana.  Furthermore, the amount
22 in controversy clearly exceeds $75,000.  Accordingly, this Court has diversity
23 jurisdiction of this matter pursuant to 28 U.S.C. §§1332, 1441, and 1446, and
24 Elevance Health has properly removed the State Court Action to this Court.
25 / / /
26 / / /
27 / / /
28 / / /

WHEREFORE, Defendant The Elevance Health Companies, Inc. prays that the State Court Action be removed from the Superior Court of California, County of Ventura, to this Court.

Dated: October 27, 2022

**CONSTANGY, BROOKS, SMITH & PROPHETE, LLP**

By: _____
Aaron M. Rutschman
Attorneys for Defendant
THE ELEVANCE HEALTH COMPANIES, INC.
f/k/a THE ANTHEM COMPANIES, INC.