Patricia Plaintiff
1333 Ashton Park Lane
Thousand Oaks, California, 91320
Email: atlast@roadrunner.com
Phone: 805.480.1222

In Pro Per

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| Patricia Plaintiff | Case No. 2:22-cv-07841-FLA-AS |
| Plaintiff | |
| vs. | Honorable Judge Fernando L. Aenlle-Rocha |
| THE ANTHEM COMPANIES, INC, an Indiana Corporation | STATEMENT OF PLAINTIFF PATRICIA LACY - UNCOVERING LACY V ANTHEM *"JUSTICE DELAYED IS JUSTICE DENIED"* |
| Defendants | Judge Fernando L. Aenlle-Rocha<br>Courtroom: 6B |

ANTHEM (BLUE CROSS – WELLPOINT - ELEVANCE)

RECAP OF WRONGFUL TERMINATION – WHISTLEBLOWER – FAILURE TO PROVIDE

DIABILITY ACCOMMODATIONS, ETC.

DELAYS – HARASSMENT – FALSIFICATION – FINANCIAL ABUSE

IN PRO PER PLAINTIFF'S PREJUDICE IN FEDERAL COURT

---

Statement of Plaintiff Patricia Lacy –
Uncovering Lacy V Anthem
*"Justice Delayed Is Justice Denied"*
Case No. 2:22-cv-07841-FLA-AS

1

The lawsuit of Lacy v Anthem will be unveiled in this filing, in various charts to recap the delays and favoritism to Defendant. A Declaration by Plaintiff explains in bullet statements the errors of Defendant Anthem and their attorneys.

As Plaintiff has made a diligent search to secure an attorney to represent her after Romero Law caused negligence, the majority of attorneys stated, an In Pro Person in any court, especially Federal Court is rarely successful. Attorneys rarely take cases that have been damaged by a prior attorney.

This Statement with exhibits, and Declaration with exhibits will detail the failures of Anthem and their attorneys. Present and future Anthem – Elevance employees will have evidence as noted, to support their claims similar to that of Lacy v Anthem.

This case is over, as an in Pro Per person cannot survive in Federal Court. This is not conceding. An adult had to make a decision to stop the bleeding when Plaintiff had no recourse, as all of Defendant's requests were approved, and Plaintiff's requests denied, (Exhibit A), which is prejudice. Of note, the only non-legal person had to stand up and call checkmate, as all other participants watched as the person with the valid complaint was ignored.

LAW FIRM OF CONSTANGY, BROOKS, SMITH & PROPHETE, SPECIFICALLY AARON RUTSCHMAN, MALAK CHERKAOUI JAOUAD, THY BUI AND KRITIKA THUKRAL

A SUCCESSFUL FAILURE

The errors, harassment and retaliation by this firm are abundant. They were hired to defend Anthem against fraud of denying all insurance claims of their innocent, paying patrons. Plaintiff was demanded in writing to use her name and credentials and deny all insurance claims and not open the file to make her own decision. Anthem's Vice President and Director of Anthem were

Statement of Plaintiff Patricia Lacy –
Uncovering Lacy V Anthem
"Justice Delayed Is Justice Denied"
Case No. 2:22-cv-07841-FLA-AS

2

behind this demand to perform denials of patron's insurance claims. Anthem's attorney advised it was illegal and Plaintiff could lose her nursing license if she adhered to their demand. Plaintiff was harassed, retaliated against with various errors by Defendant, but ignored by the court. Once Plaintiff discovered Defendant's lack of knowledge on her hearing disability, he retaliated. Plaintiff was denied hearing accommodations, despite her various requests verbally and in writing. Just a few violations:

- Plaintiff has a hearing disability, which is a protected class and a Civil Rights issue. She was targeted and is a Conflict-of-Interest to represent Anthem's client being uneducated in hearing disability and not understanding how Plaintiff had difficulty performing her job remotely being denied hearing accommodations. She worked many hours of overtime in writing e-mails confirming what she thought was stated in the various phone calls. Since inception of complaint in August 2022, Defendant denied that Plaintiff had a hearing disability, despite MD reports and testing provided.
- Just recently on October 17, 2024 Meet and Confer did Defendant allow a Zoom meeting with captions. Mr. Rutschman stated *"were you able to hear everything based on the communicating Team captions"* Hearing and understanding are two entirely different processes, which the fact he asked if Plaintiff could 'hear' was evidence of continued inability to defend a case with a hearing disabled person.
- Controlled mediation by Defendant and not providing a draft of the settlement agreement, appears to have advised mediator falsehoods about Plaintiff, and violated United States District Court Central District of California, General Order No. 11-10 3.8 b. See page 4 *Payment.* Recap of Meet & Confer 10/17/2024 <u>Exhibit N.</u>
- Various legal people were involved that should have understood these rules, yet Pro Per Plaintiff had to discover the error. Appears mediator was bribed by Defendant.
- Plaintiff has an abundance of written evidence which Defendant is fearful to view. This evidence is imperative to reveal, however Defendant continued to file frivolous and baseless filings, which Plaintiff replied.

Statement of Plaintiff Patricia Lacy –
Uncovering Lacy V Anthem
*"Justice Delayed Is Justice Denied"*
Case No. 2:22-cv-07841-FLA-AS

3

- Delays by Defendant since inception of August 2022 has time-barred the statute of limitations.
- Possible kickbacks, and checkmate against in Pro Per Plaintiff.

## MEDIATION

The firm of DiazCanonLaw, principals Maria Diaz and Kirby Canon graciously accepted representation only for the court-ordered mediation. Both resumes of attorneys are impeccable. Plaintiff advised the draft of the settlement agreement was extremely important. There would be no settlement unless Plaintiff read and approved the settlement agreement, which was to be provided during mediation. There was no settlement agreement during mediation; therefore, mediation was a failure, caused by Defendant.

From a demand by Romero Law of $66,350,000 in the original complaint in 2022, Defendant offered a miniscule amount, with an 8-page one-way settlement agreement Defendant claimed 'jointly authored', one week after mediation. It is imperative that Anthem ceases to deny their paying patron's insurance claims to be written in the settlement agreement. After 5 ½ hours of mediation, payment to pro bono mediator by Defendant for extra hours, which was not jointly approved, no draft of settlement agreement, and no meet and confer ordered by Judge, mediation ended in disaster. The questions the mediator asked Plaintiff were concerning, as they did not pertain to the complaint. As defendant's mediation statement is confidential, it appears it was wrought with false statements about Plaintiff, as he has no defense.

As Defendant did not provide a draft of the settlement agreement, mediation was complete and a failure at the 3-hour mark, which no additional time was necessary. Plaintiff was unaware Defendant offered payment to the mediator to remain over 3 hours until after it was completed. *Payment was not clearly communicated to the parties* nor was it *in writing*. Defendant violated rules of Court, and most likely will not be admonished.

Statement of Plaintiff Patricia Lacy –
Uncovering Lacy V Anthem
*"Justice Delayed Is Justice Denied"*
Case No. 2:22-cv-07841-FLA-AS

4

Per United States District court Central District of California, General Order No. 11-10

> **3.8 Compensation.**
>
> (a) *Volunteer time*. Panel members shall volunteer their preparation time and the first three hours of a mediation session. After three hours of a mediation session, the panel member may (1) give the parties the option of concluding the mediation; (2) continue the mediation and volunteer his or her time; or (3) continue the mediation on such terms and rates as the panel member and all parties agree. The mediation session will continue beyond three hours only if all parties and the panel member agree.
>
> (b) *Payment.* If the mediation session continues beyond three hours, the terms and conditions of payment must be clearly communicated in writing to the parties. The parties may agree to pay the fee in other than equal portions. The parties must pay the mediator directly, or the mediator's law firm or employer, as directed by the mediator. On a form survey provided by the Court (in the form attached as "Exhibit I", *see* section 8.8 below), the mediator must promptly report to the ADR Program the amount of payment received.

The 8-page settlement agreement was provided to Plaintiff the following week, with an unreasonable deadline to return to Defendant. Despite the failed mediation, Plaintiff spent an entire day to review and chart the errors in the settlement agreement. Defendant was unrelenting that no changes would be made. If Plaintiff signed the one-way agreement, she was demanded to claim Anthem did no harm. Anthem caused financial and emotional abuse, not only to Plaintiff, but to innocent Anthem clients, which the Director demanded Plaintiff deny their insurance claims without reviewing their chart. By attempting to financially pay Plaintiff, otherwise known as a bribe, to keep quiet of their indiscretions, this is evidence that Anthem caused abuse as mentioned. For a list of indiscretions by Anthem, See Exhibit I and detail in Dkt 116. Exhibits A – L.

Various attorneys were asked if they would substitute in on Lacy v Anthem. No one accepted to substitute, as the case was damaged by another attorney. These attorneys stated, an in Pro Per

Statement of Plaintiff Patricia Lacy –
Uncovering Lacy V Anthem
"Justice Delayed Is Justice Denied"
Case No. 2:22-cv-07841-FLA-AS

5

person rarely wins, especially in Federal Court, despite Plaintiff's valid claim, as the rules are difficult even for an attorney to follow. The case should be disbanded, and to file a State Bar claim. Is this filing conventional? No, it is not. The Court ruled Plaintiff had frivolous filings in reply to Defendant. Defendant has a lack of knowledge of her hearing disability, and violated Rule 1.1 Rule of Professional Conduct; however, Defendant was allowed delays and frivolous filings. Since August 2022, Defendant accomplished only two tasks:

- Responded to the original complaint
- Participated in a court-ordered mediation.

Both were failures.

What is most important in any case is evidence, which Defendant has not provided. As a Defendant, he would have to defend written evidence, which would be advantageous for him not to view, as he could not defend.

A recap of this case from inception are noted in charts and filings prepared by Plaintiff. The outcome is abysmal.

CHART – DEFENDANT'S & PLAINTIFF'S APPROVALS AND DENIALS

EXHIBIT A

The Court approved all of Defendant's requests and [proposed] orders. The Court did not deny any of Defendant's requests and [proposed] orders.

The Court did not approve Plaintiff's requests and [proposed] orders, except requesting transcripts and request to file on line, which are not part of the complaint.

CHART - OF EVIDENCE ON LACY V ANTHEM

EXHIBIT B (EX 1-6)

With the various delays by Defendant in over two years, evidence of Anthem's wrongdoing was feared to be known by Defendant, who diverted to other frivolous filings.

Statement of Plaintiff Patricia Lacy –
Uncovering Lacy V Anthem
*"Justice Delayed Is Justice Denied"*
Case No. 2:22-cv-07841-FLA-AS

6

## CHART OF CASE FILINGS

## EXHIBIT C

A compilation of case dockets with no resolution and frivolous filings by Defendant which Plaintiff had to reply. California Code Civil Procedure § 128.5

## CHART OF FALSE STATEMENTS

## EXHIBIT D

A compilation of false statements by Defendant. Plaintiff has exposed false statements of Defendant, with no action. As Plaintiff's filings are ignored, Defendant is allowed to continue their mission to discredit Plaintiff. Defendant has no evidence.

## CHART OF PERJURY

## EXHIBIT E

It is understood that even an intentional untruth may not be considered perjury. The lie must be shown to have materially impacted the outcome of a legal case.

Court Order denying Plaintiff's motion to Disqualify Counsel [Dkt 101], *These statements do not constitute perjury or grounds to disqualify opposing counsel, and this basis for the Motion is also frivolous*. In a legal document, a lie would change the substance of the case. It is not the Judge's responsibility to verify every statement; therefore, he must consider both parties are truthful. Unfortunately, Defendant wants to continue in 'good standing' with Anthem for future cases, and resorts to misstatements, which harm Plaintiff's case

There were various statements made by Defendant causing perjury, however Plaintiff only uses those where he signed stating *I declare under penalty of perjury under the laws of the United States and the State of California that the foregoing is true and correct.*

Statement of Plaintiff Patricia Lacy –
Uncovering Lacy V Anthem
"Justice Delayed Is Justice Denied"
Case No. 2:22-cv-07841-FLA-AS

7

1. NAMES OF PATICIPANTS IN WRONGFUL TERMINATION/WHISTEBLOWER/FAILURE
2. TO PROVIDE HEARING ACCOMMODATIONS FOR HEARING DISABITY DURING
3. ANTHEM EMPLOYMENT
4. EXHIBIT F
5. 
6. DISQUALIFICATION OF DEFENDANT DUE TO VIOLATION OF RULE OF
7. PROFESSIONAL CONDUCT RULE 1.1 COMPETENCE
8. EXHIBIT G
9. Order Denying Plaintiff's motion to Disqualify Counsel [Dkt 101]
10. *The Court DENIES the Motion as baseless and frivolous.*
11. *Plaintiff's request for attorneys to be referred to the California Sate Bar for disciplinary*
12. *proceedings is DENIED.*
13. Defendant does not possess proper education to be associated with this case, which the Judge
14. allowed him to remain; however, Plaintiff was terminated because she had morals not to commit
15. fraud as directed by Anthem. Bias is evident.
16. An analogy from Defendant not possessing proper education in Plaintiff v Anthem, in the medical
17. field, would be hiring a podiatrist to perform open heart surgery, and the patient died, as there was
18. obvious incompetence. In that instance, the court would say the case was frivolous and the
19. podiatrist was not incompetent to perform open heart surgery and the death was an accident.
20. 
21. *Plaintiff is reminded that she is required to comply with all applicable statutes, statutory*
22. *requirements, court rules, and court orders, and that the filing of frivolous pleadings, motions, or*
23. *other papers with the court may result in the imposition of sanctions.*
24. Defendant does not have to comply as stated, however, Plaintiff must comply.
25. 
26. 
27. Statement of Plaintiff Patricia Lacy – Uncovering Lacy V Anthem
28. *"Justice Delayed Is Justice Denied"*
Case No. 2:22-cv-07841-FLA-AS

8

1  As a Pro Se litigant, Plaintiff recognizes there is prejudice against a person with no legal education,
2  however, it is common sense to have experience in a case emphasizing the denial of hearing
3  accommodations for a Plaintiff with a hearing disability to perform their job.  <u>EXHIBIT H</u> is an e-
4  mail from The National Association of the Deaf. This is not legal representation, however, they
5  state *"attorneys have a professional responsibility to adequately educate themselves when*
6  *representing clients with hearing disabilities or any other special needs."* Mr. Rutschman and Ms.
7  Jaouad have failed to do so.  *"We recommend reaching out to the bar association in the state where*
8  *the attorney is licensed for further information or assistance."*

10  Plaintiff understands prejudice exists against her not being an attorney or having legal knowledge,
11  and also favoritism between legal professions.  She does not have a staff to compose legal
12  documents and file, nor does she have other cases to cut and paste to use the same verbiage.  She
13  was intimately involved in the wrongful, illegal actions by Anthem, as opposed to being third party
    information which Defendant was provided allegations from unknown sources.

15  It is inappropriate for a law professional to represent a client with a hearing disability, by saying
16  they will speak louder or slower. Hearing aids intensify sound – they do not help one hear.  For a
17  professional attorney to attempt to represent a client with no experience or understanding of how a
18  person with a hearing disability must perform their job, the stress and fear of not understanding
    what was spoken, being denied hearing accommodations, is unconscionable.  Mr. Rutschman and
19  Ms. Jaouad confirmed their lack of knowledge and inability to represent a hearing disabled person's
20  complaint, and should have recused themselves at inception of the complaint.

Plaintiff Patricia Plaintiff's First Amended Complaint [DKT #104]

DKT #106, DKT 106-1, DKT 106-2 May 17, 2024

Plaintiff's Sur-Reply to Defendant's Reply Brief in Support of Motion to Dismiss

---

Statement of Plaintiff Patricia Lacy –
Uncovering Lacy V Anthem
"Justice Delayed Is Justice Denied"
Case No. 2:22-cv-07841-FLA-AS

9

In DKT 104, Defendant's Motion to Dismiss Plaintiff's First Amended Complaint, Mr. Rutschman quoted 20 case law. In reviewing each case, only two related to Lacy v Anthem. A non-legal person discovered these misstatements, as opposed to an attorney who went to law school.

**The Inexcusable:**

"misquoting cases or statutes ''is inexcusable upon the part of any lawyer, and places additional burdens upon this court''"

https://blog.judicata.com/dont-mis-quote-me-on-this-589b81b5215c

See DKT #108 - DKT #106 was stricken by the Court

- Plaintiff requests a meet and confer with defendant, which defendant denied [Dkt #106-2]
- No request for Discovery, Interrogatories or Depositions since inception on August 18, 2022.
- Defendant does not understand how a hearing disabled person understands speech. This is vital as Anthem denied plaintiff hearing accommodations to perform her job
- Anthem hiring Constangy, Brooks, Smith & Prophete is improper, due to their quest for financial gain, and not justice. They have only performed two tasks as previously mentioned, and filed various frivolous and baseless documents.
- Anthem demanded Plaintiff to deny all insurance claims for their paying clients, without reviewing the chart, which was illegal. If Plaintiff did not have morals, she could have retained her position, received bonuses and promotions, to secure her future when she retired. Plaintiff could not harm innocent clients, and was the voice of the voiceless. She was terminated, lost her vacation bank, health savings account bank, stock options, 401K etc. As Anthem was caught denying claims for financial gain, would they find another way to deceive their patrons?

- DKT #106 was stricken by the Judge

Statement of Plaintiff Patricia Lacy –
Uncovering Lacy V Anthem
"Justice Delayed Is Justice Denied"
Case No. 2:22-cv-07841-FLA-AS

10

OCTOBER 23, 2024 PUBLICATION – outsourcing prior authorizations

*"Not Medically Necessary": Inside The Company Helping America's Biggest Health Insurers Deny Coverage For Care*

- *Insurance companies outsource medical reviews to a largely hidden industry that makes money by turning down doctors' requests for payments, known as prior authorizations. Call it the <u>Denials For Dollars</u> business. Carelon Medical Benefits Management, is a subsidiary of Elevance Health, and is the second-biggest player of outsourcing prior authorizations. EviCore, another outsources company, boasts a 15% increase in denials. A promise of a 3-to-1 return on investment.*

- *June 2022 Anthem rebranded to Elevance included Carelon for its healthcare services. "An important part of being a lifetime, trusted health partner is grounded in our ability to ensure consumers have access to services that will meet their whole health needs across their entire healthcare journey", Anthem's president and chief executive officer Gail Boudreaux said., who in 2023 posted her compensation of $21.9 million. Peter Haytaian Executive Vice President of Elevance Health is the President of Carelon.*

DKT #101, DKT 101-2, DKT 101-3

Motion to Disqualify Counsel, Penalty of Perjury & State Bar Investigation

<u>Aaron Rutschman</u>

- Falsified that Plaintiff received all wage statements during employment. Plaintiff did not receive vacation pay, HSA account upon 'termination'. No salary since 2019. Received W2 Wage and Tax Statement for 2021. Plaintiff was forced to declare salary not received. Anthem refused to reply to Plaintiff's correspondence advising of their error on the falsified W-2.

---

Statement of Plaintiff Patricia Lacy –
Uncovering Lacy V Anthem
*"Justice Delayed Is Justice Denied"*
Case No. 2:22-cv-07841-FLA-AS

11

- Falsified that Plaintiff was terminated for not returning to work. Evidence shows Anthem attempted to set Plaintiff up with a wrongful termination, however, Plaintiff discovered Anthem's error in not providing documentation and claiming she missed her deadline to reply. She replied before the deadline. Anthem 'botched' a wrongful termination.
- Falsified that Plaintiff requested hearing accommodations only one time in 2017.
- Filing lawsuits prove poor veracity for the plaintiff, however he is an attorney defending lawsuits
- DKT #89, Defendant stated *"Plaintiff status as pro se litigant does not afford her special treatment"*, however, Defendant is afforded special treatment in their conflict-of-interest – as Mr. Rutschman and Ms. Jaouad are unqualified to defend their client against a plaintiff with a hearing disability. Should have recused themselves.
- Authored a 14-page letter against Plaintiff with over 80 misstatements
- Falsified that Plaintiff declined to have a live meet and confer
- Falsified Plaintiff would not stipulate to an extension six times, and Plaintiff was *unwilling or incapable of engaging in a meet and confer,* which we had a successful meet and confer
- Stated it was non-sensical for the court to assist persons with hearing disabilities in providing hearing accommodations.

### Alan Romero

- Falsified the irreparable breakdown between attorney-client. It was his invention in order to be relieved after causing malpractice
- Falsified that Plaintiff was represented by another attorney, falsified statements made when he and Plaintiff never met or spoke to each other, and falsified that he had a good faith basis to withdraw as counsel
- Falsified his staff was 'scared' of Plaintiff, yet when Plaintiff e-mailed the staff, confirmation that Mr. Romero lied to discredit Plaintiff to cover up his misstatements

Statement of Plaintiff Patricia Lacy –
Uncovering Lacy V Anthem
*"Justice Delayed Is Justice Denied"*
Case No. 2:22-cv-07841-FLA-AS

12

All of these statements signed under penalty of perjury, had a material impact on the case. The attorneys were aware of the falsification. The Judge does not have time to verify the statements and must make decisions on what is filed, especially under penalty of perjury. It is prejudice when two attorneys are against a non-legal Plaintiff who is Pro Se. Their attempt to discredit Plaintiff, is irresponsible. DKT 61 is a Joint Request for Decision on Defendant's Pending Motion to Dismiss and Strike Portions of Plaintiff's Complaint. Mr. Romero's retaliation that Plaintiff discovered his malpractice is evident.

DKT #102, DKT 102-1, DKT 102-2

Objection to Defendant's Motion to Dismiss Plaintiff's First Amended Complaint

DKT 105, DKT 105-1

Reply brief to Defendant's Opposition to Plaintiff's Motion to Disqualify Counsel

In the Supreme Court's decision in *Olmstead v. L.C.*, 527 U.S. 581 (1999), the Court said that *people with disabilities have a right to be served in the most integrated setting appropriate to their needs and wishes.*

Bullying a plaintiff who is a Pro Se litigant, is so much easier for individuals in the legal industry than it is to put together a legitimate case with facts, evidence, referencing of the law and citing of previous relevant cases. How many attorneys want to quickly get work off their desk, so they have ample time to bill their clients? We, as Pro Se litigants are checkmated.

Anthem has an abundance of wrongful termination disability, etc. cases with the same patterns to eliminate employees, by giving falsified performance reviews, extra work, harassment, threats, no raises or bonuses, in anticipation that after continual demeaning of the employee, they will quit. Those that know they work very hard to obtain their salary, remain and become victims of abuse,

Statement of Plaintiff Patricia Lacy –
Uncovering Lacy V Anthem
*"Justice Delayed Is Justice Denied"*
Case No. 2:22-cv-07841-FLA-AS

13

until they are terminated.  Many of these employees end up with Constangy, Brooks, Smith & Prophete, who defend this abhorrent behavior by Anthem.

There was to be protection from retaliation on being a whistleblower.  Not only did Anthem retaliate, but Mr. Rutschman pursued false statements, bullying, harassment, etc.

Plaintiff's evidence is vast in her previous filings, but unnoticed and discarded by defendant. This has been a one-way Defendant legal matter.

DKT 112, DKT 112-1, DKT 112-2, DKT 112-3, DKT 112-4

DELAYS – DEADLINES

This is the 5th time the schedule will be changed in 2 years and 4 months.  The saying 'enough is enough' is appropriate at this time.

In reviewing this document, it was clear it was slated in Defendant's favor.
- Motion to Dismiss Portions of Complaint and Strike Request for Punitive Damages
- Order Setting Scheduling Conference and Trial Dates
- Withdrawal of Plaintiff attorney Myong and Flores
- Disability Accommodation Request
- Lack of Subject Matter Jurisdiction
- G-120 Transcript
- Plaintiff In-Camera Review
- Pro Se Litigant request to electronically file documents
- Request to proceed in Forma Pauperis
- Defendant withdrawal of Kritika Thukral and appearance of Malak Cherkaoui Jaouad
- Motion to Disqualify counsel
- Motion for Leave to File Sur-Reply (per Pro Se Clinic)

Statement of Plaintiff Patricia Lacy –
Uncovering Lacy V Anthem
"Justice Delayed Is Justice Denied"
Case No. 2:22-cv-07841-FLA-AS

14

Not one matter of importance to proceed with the complaint filed on October 27, 2022. At least the Jerry Springer show had a conclusion at each segment. This case appears to be a morphed tree growing in all directions, other than straight up, and the seeds have yet to be germinated.

Following is a recap of occurrences in 2 years and 4 months:

- Perjury x18 by Mr. Rutschman and Mr. Romero
- 4 Setting Scheduling Conference and Trial Dates with #5 in draft form
- 6 months of no appointed attorney for Plaintiff
- No Discovery Matters
- No Resolution – No Negotiation
- No Interrogatories
- No Depositions
- 8 documents filed by Defendant to Dismiss Portions of the Complaint
- 6 documents on Motion for Romero to withdraw as counsel
- 31 Court filings to intervene on matters
- 9 filings by Plaintiff to object to defendant filings
- 3 filings Motion to Disqualify defendant for lack of sufficient learning and skill per Rule 1.1 Competence, Rule 3-110 Failing to Act Competently
- 1 filing of Motion for Leave to File Sur-Reply (per Pro Se Clinic instructions) – document stricken by the Court

DKT 116, DKT 116-1, DKT 116-2, DKT 116-3, DKT 116-4

PATTERNS OF ABUSE

As an investigator, evidence is discovered through patterns. Through various filings by Defendant, the patterns of abuse are evident, which will be discussed.

Chart of Fraudulent Acts of Anthem (Elevance Health) is EXHIBIT I, which the details are noted on page 2-6.

DKT 117  EXHIBIT J

Order Striking Plaintiff's Document Titled "Amend Complaint Opposing [Dkt #17] to Strike Portions of Plaintiff's Complaint

Statement of Plaintiff Patricia Lacy –
Uncovering Lacy V Anthem
"Justice Delayed Is Justice Denied"
Case No. 2:22-cv-07841-FLA-AS

15

DKT 119

Plaintiff Request for Extension to File Second Amended Complaint for 60 days

In reading Mr. Romero's Original Complaint, Plaintiff realized the complaint appeared to be another complainant's complaint, cut and pasted with her name and particulars inserted, as it did not reflect her issues. She was tasked with rewriting the entire complaint with no legal background, with various attorneys advising her it was impossible to do so. Plaintiff requested 60 days.

DKT 122

Order Extending Plaintiff's Deadline to File a Second Amended Complaint- cut in half to 30 days.

DKT 123

Plaintiff filed Second Amended Complaint for Damages within time limits

DKT 130

Reply by Plaintiff to defendant Ex Parte Requesting an Extension to Respond to Second Amended Complaint

As per the e-mail to Defendant on September 8, 2024,

I approve a stay of responses to all requests until after Mediation on September 20, 2024

- Defendant's Motion to dismiss plaintiff's second amended complaint
- Defendant's Requests for Production of Documents to Plaintiff, Set One
  ➢ **Sent:** Monday, August 26, 2024 11:26 AM
    We can provide a two-week extension for you to respond to Requests for Production (set one) by **September 17**. But unfortunately, we can't wait until October to get your responses.
- Defendant's Response to Plaintiff's Second Amended Complaint

DKT 131

Order Granting Defendant Ex Parte and Extension to respond to Plaintiff's Second Amended Complaint

The Court Grants the Application as modified below:

1. Defendant's deadline to file its response to the SAC shall be September 27, 2024. Should Defendant file a Motion to Dismiss the SAC, it shall be noticed for hearing on November 15, 2024, at 1:30 p.m.

---

Statement of Plaintiff Patricia Lacy –
Uncovering Lacy V Anthem
*"Justice Delayed Is Justice Denied"*
Case No. 2:22-cv-07841-FLA-AS

16

2. The parties' deadline to meet and confer regarding Defendant's anticipated Motion to Dismiss the SAC shall be September 20, 2024. When the parties meet on September 20, 2024, they should be prepared to discuss Defendant's anticipated Motion to Dismiss after the scheduled mediation, should they be unable to resolve their dispute at mediation.

3. Should Defendant file a motion to Dismiss the SAC, Plaintiff's deadline to file an opposition to the Motion shall be October 18, 2024, and Defendant's deadline to file a reply in support of the Motion shall be November 1, 2024.

## DKT 135

Request for Clarification of order [DKT 131]

Plaintiff was very clear, as stated in her [Dkt #130 and 130-1], of the following on page 2, 23-25 and page 2, 1–9.

Defendant's Motion and responses were addressed, but <u>Plaintiff's request for Production of Documents by Defendant was not mentioned in the Order</u>

If the stay of Plaintiff's responses to Production of Documents was intentional, that would appear to be prejudice against Plaintiff, as has occurred in this court. Defendants violated Rule of Professional Conduct 1.1, which was allowed. Plaintiff requested a 60-day extension to file a Second Amended Complaint, but was only provided 30-days by the Judge.

## DKT 139

Order Denying Request for Clarification [DKT 135]

## EXHIBIT K

**Accordingly, Plaintiff's Request for Clarification is DENIED.**

DKT 142, DKT 142-1 – 142-7

Defendant's Notice of Motion to Dismiss Plaintiff Second Amended Complaint

---

Statement of Plaintiff Patricia Lacy –
Uncovering Lacy V Anthem
*"Justice Delayed Is Justice Denied"*
Case No. 2:22-cv-07841-FLA-AS

17

DKT 131 & DKT 143

Order Granting Defendant Ex Parte and Extension to respond to Plaintiff's Second Amended Complaint

Request for Judicial Notice in Support of Defendant's Motion to Dismiss Plaintiff's Second Amended Complaint

> 2. The parties' deadline to meet and confer regarding Defendant's anticipated Motion to Dismiss the SAC shall be September 20, 2024. When the parties meet on September 20, 2024, they should be prepared to discuss Defendant's anticipated Motion to Dismiss after the scheduled mediation, should they be unable to resolve their dispute at mediation.

No Meet and Confer occurred at mediation, yet Defendant filed a Motion to Dismiss Plaintiff Second Amended Complaint.

Request for Judicial Notice in Support of Defendant's Motion to Dismiss Plaintiff's Second Amended Complaint

DKT 144

EXHIBIT L

Declaration of Plaintiff to Clarify Current Status of Mediation September 20, 2024

DKT 146

EXHIBIT M

Declaration of Plaintiff in Objection to Defendant's Ex Parte to modify Scheduling Order to Continue the Trial Date and Pre-Trial Deadlines

Defendant Request for Production of Documents by Plaintiff. Plaintiff requested due date AFTER mediation. Defendant and Court refused extension.

---

Statement of Plaintiff Patricia Lacy –
Uncovering Lacy V Anthem
*"Justice Delayed Is Justice Denied"*
Case No. 2:22-cv-07841-FLA-AS

18

Plaintiff Request for Production of Documents by Defendant was due September 27, 2024. Defendant failed to abide by due date. Simple requests for education, which Defendant objected to reply. Court aware with no recourse.

RECAP OF MEET & CONFER OCTOBER 17, 2024

EXHIBIT N

As its name states

E-MAILS FROM DEFENDANT TO PLAINTIFF

EXHIBIT O

The latest of Defendant's e-mails with his demands. Defendant was relentless to have his needs approved. Plaintiff is not available on December 13, which the court will most likely approve Defendant's Ex Parte, and Plaintiff will not be able to attend.

CONCLUSION

This compilation of Lacy v Anthem from August 2022, depicts delays, frivolous filings, favoritism of Defendant, prejudice etc. Plaintiff's prior counsel caused irreparable damage and abandonment. Defendant does not possess *sufficient learning and skills,* and an impossible venture through Federal Court rules for an in Pro Per, non-legal person to navigate. Plaintiff was placed in Pro Per by the Judge. There is no purpose to continue when defendant is favored. This case is over; however, Plaintiff has the pleasure of being the voice for the voiceless, and adding a new segment to a large national publication on insurance companies who deny claims.

Governments are installed to protect these rights, not strip them. Attorneys, entrusted with the sacred duty of upholding justice, have been brazenly billing for services not rendered, lining their

Statement of Plaintiff Patricia Lacy –
Uncovering Lacy V Anthem
*"Justice Delayed Is Justice Denied"*
Case No. 2:22-cv-07841-FLA-AS

19

pockets with ill-gotten gains, while the true beneficiaries of this program – the vulnerable and voiceless –the clients of Anthem, whose claims are denied without review, as mandated by Anthem directors, are left in the lurch, left without any defense, defrauded, and cheated. Ther patterns of financial abuse to clients are rampant and accepted because no one will stop the insidious fraud.

The Federal Government defines Financial Abuse as *illegal or improper use of an elderly or adult with a disability's money, property, or other resources for monetary or personal benefit, profit or gain.* Financial Elder Abuse has been caused to Plaintiff who is now on limited income, not even living day to day to pay her bills, due to the egregious actions of Anthem in the wrongful termination due to retaliation of discovering fraudulent actions they demanded Plaintiff perform, which she did not do.

Doubtless, any person realizing the brash and illicit ways Anthem has executed same towards their clients and Plaintiff, would feel deep shock.  It is all the more distasteful that those who defend such financial abuse, are officers of the court, who are assigned the privilege of administering the law.

Dated: October 27, 2024

*[signature: Patricia Lacy]*
Patricia Lacy
Plaintiff

Statement of Plaintiff Patricia Lacy –
Uncovering Lacy V Anthem
"Justice Delayed Is Justice Denied"
Case No.  2:22-cv-07841-FLA-AS